## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PIECO INCORPORATED | § | |
| | § | CIVIL ACTION NO.: |
| Plaintiff, | § | |
| | § | |
| v. | § | JUDGE: |
| | § | |
| ROME, LTD. | § | MAGISTRATE: |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT

Pieco Incorporated ("Plaintiff"), by and through its undersigned counsel, for its Complaint against Rome, Ltd. ("Defendant"), alleges as follows:

## THE PARTIES

1.     Plaintiff, PIECO INCORPORATED, is a corporation organized and existing under the laws of the State of Iowa and has a principal place of business at 2179 145th Avenue, Manchester, Iowa 52057 (hereinafter referred to as "PIECO").

2.     Upon information and belief, Defendant, ROME, LTD., is an corporation organized and existing under the laws of the State of Iowa and has a principal place of business at 1427 Western Avenue, Sheldon, Iowa 51201 (hereinafter referred to as "ROME").

## NATURE OF THE ACTION

3.     This civil action is for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code §§101, _et seq_. (Count I), false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) (Count II), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count III), the

Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 (Count IV), and the Illinois common law of unfair competition (Count V).

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over the subject matter over all cases of action pursuant to the Patent Laws of the United States, 35 U.S.C. §§281, *et seq*., 28 U.S.C.§§1331 and 1338(a), (b). This Court also has supplemental jurisdiction over the subject matter of the parties under 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

5.       This Court has personal jurisdiction over the Defendant.  Upon information and belief, Defendant transacts and solicits business in Illinois and this judicial district. Upon information and belief, Defendant engages in continuous and systematic contact with, and purposefully directs acts complained of herein toward, Illinois and this judicial district.

6.       Venue is proper in this judicial district and division pursuant to 28 U.S.C. 1391(b) and §1400(b). Venue is also proper in this judicial district and in this Court because the Defendant is deemed to reside in Illinois pursuant to 28 U.S.C. §1391(c).

## COUNT I
## PATENT INFRINGEMENT

7.       On August 5, 2014, United States Letters Patent No.: 8,794,553 (hereinafter the '553 Patent) was duly and legally issued by the United States Patent and Trademark Office to Jerry York for an invention entitled "Continuous Meat Grinding Reclaiming System".  A copy of the '553 Patent is attached hereto as Exhibit "1", and incorporated herein by reference.  PIECO is the assignee and sole owner of all rights, title, and interest in and to the '553 Patent with all rights pertaining thereto, including the right to bring suit for infringement of the '553 Patent and the right to bring suit for past infringement of the '553 Patent.

8.     On or about August 28, 2014, Plaintiff, through its counsel, sent Defendant via registered mail the Letter attached hereto as Exhibit "2", the entirety of which including exhibits are incorporated herein by reference. In the Letter, Plaintiff alleges that Defendant has engaged in numerous acts in violation of Plaintiff's rights, including under the '553 Patent.  Defendant has not responded to the Letter, nor abided by any of Plaintiff's demands that Defendant cease and desist from its unlawful acts.

9.     Upon information and belief, Defendant has violated and continues to violate Plaintiff's rights under the '553 Patent under 35 U.S.C. §271(a) by demonstrating the use of and using devices in a manner that falls within the scope of one or more claims of the '553 Patent.

10.     Upon information and belief, Defendant has violated and continues to violate Plaintiff's rights under the '553 Patent under 35 U.S.C. §271(b) by manufacturing and selling devices that Defendant knows, intends and encourages others, including customers and potential customers, to use in a manner that falls within the scope of one or more claims of the '553 Patent.

11.     Upon information and belief, Defendant has violated and continues to violate Plaintiff's rights under the '553 Patent under 35 U.S.C. §271(c) by manufacturing, selling, and offering to sell components, subassemblies, and/or assemblies for devices, and devices that are especially made or adapted for use by Defendant and others, including customers and potential customers of Defendant, in the infringement of the '553 Patent.  Upon information and belief, the foregoing components, subassemblies, and/or assemblies for devices, and devices are not a staple article or commodity of commerce suitable for substantial noninfringing use.

12.     Defendant will continue to infringe, directly and indirectly, the '553 Patent unless enjoined by this Court.

13.     Upon information and belief, Defendant's direct and indirect infringement is willful as Defendant is fully aware of the '553 Patent and Plaintiff's rights in and to the '553 Patent and continues acts of infringement without a good faith belief that the '553 Patent is invalid, not infringed and/or unenforceable.

14.     Plaintiff has been damaged by Defendant's unlawful acts and is entitled to an award of damages which relate to and for all direct and indirect infringement of the '553 Patent.

15.     Plaintiff has suffered and will continue to suffer irreparable injury unless Defendant is preliminarily and permanently enjoined by this Court from engaging in further unlawful acts, as alleged herein.

WHEREFORE, Plaintiff, PIECO INCORPORATED, prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, ROME, LTD., on Count I, and issue an order for:

(a)     Declaring that Defendant, ROME, infringes the '553 Patent in violation of 35 U.S.C. §271(a), (b), and (c);

(b)     Preliminary and permanent injunctive relief, pursuant to 35 U.S.C. §283, against the continuing infringement of the claims of the '553 Patent by Defendant, ROME, its subsidiaries, parents, divisions, directors, officers, owners, partners, agents, employees, attorneys, representatives, and all those persons in active concert and participation with Defendant;

(c)     Accounting for damages sustained by Plaintiff, PIECO, and for profits realized by Defendant, ROME, as a result of Defendant's infringements of the '553 Patent, that the damages and profits in accordance therewith be awarded to Plaintiff, PIECO, together with interest and costs against Defendant pursuant to 35 U.S.C. §284;

(d)     Order Defendant, ROME, to pay Plaintiff, PIECO, its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. §285, as this is an "exceptional" case; and

(e)     Granting all other relief as this Court deems just and proper.

## ALLEGATIONS COMMON TO COUNTS II-V

16.     Plaintiff, PIECO, is in the business of manufacturing and selling meat grinding systems throughout the United States ("Plaintiff's Meat Grinding Systems") which have applications for customers in at least the meat grinding industry ("Customers"). In particular, Plaintiff's Meat Grinding Systems provide a primary meat grinder unit and a secondary meat grinder unit or reclaiming unit for continuously and simultaneously processing a meat batch in a single processing run.

17.     Defendant is in the business of manufacturing and selling meat grinding systems, including the "RRS", a system that Defendant claims to be "the industry's first 2 in 1 Bone Collection and Reclaim System."  On information and belief, Defendant seeks to offer the RRS as a directly competing product to Plaintiff's Meat Grinding Systems, which are earlier in time and the first of their kind in the marketplace.

18.     In the course of advertising and promoting the RRS, Defendant has made and continues to make false and misleading statements regarding both Plaintiff's systems and Defendant's RRS and which adversely impact the sales, status and perception of Plaintiff's

systems and the purchasing decisions of its customers and potential customers in the marketplace.

19.     On information and belief, Defendant has made these statements with knowledge of their false and misleading nature and with the intent that they adversely impact the sales, status and perception of Plaintiff's competing systems, in absolute terms and relative to Defendant's RRS, in the marketplace.

20.     Defendant's false and misleading statements made in advertising and promoting the RRS on its web site (www.rome-ltd.com) include but are not limited to the following:

- "The RRS is the industry's first 2 in 1 Bone Collection and Reclaim System"; and

- "Unlike competitor's options, smearing and temperature rise is no longer a concern".

A true and accurate copy of this statement is attached hereto as Exhibit "3", and incorporated herein by reference.

21.     Additional false and misleading statements made by Defendant in other advertising and promotional materials for the RRS include but are not limited to the following:

- "The industry's only 2 in 1 Bone Collection and Reclaim System!"; and

- "ROME LTD RRS Finally a system that truly separates waste for a better bottom line!".

A true and accurate copy of this statement is attached hereto as Exhibit "4", and incorporated herein by reference.

22.     Defendant's claims, each individually and collectively, are false and misleading statements, both literally and by implication.

## COUNT II
## VIOLATION OF LANHAM ACT

23.     Plaintiff repeats and realleges its allegations in paragraphs 1 through 22 above as and for its allegations of paragraph 23 of this Count II.

24.     Defendant's false and misleading statements in interstate commercial advertising and promotion which materially misrepresent the nature, characteristics, qualities, and performance capabilities of both Defendant's and Plaintiff's respective meat grinding systems in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

25.     Defendant's false and misleading statements are willful and intentional, with deceptive intent, making this an exceptional case.

26.     Defendant's false and misleading statements have caused, and will continue to cause, great, immediate, and irreparable harm to Plaintiff's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages.

27.     Plaintiff has no plain, speedy or adequate remedy at law for which it can be compensated.

WHEREFORE, Plaintiff, PIECO INCORPORATED, prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, ROME, LTD., on Count II, and issue an order:

(a)     Declaring that Defendant, ROME, has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(b)     Preliminarily and permanently enjoining Defendant, ROME, its subsidiaries, parents, divisions, directors, officers, owners, partners, agents, employees, attorneys, representatives, and all those persons in active concert and participation with Defendant, either

directly or indirectly, from violating Plaintiff's rights by way of:

        i.     Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to using, airing, disseminating or causing to be used, aired, or disseminated the false and misleading advertising claims as described herein;

        ii.     Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to stating, explicitly or implicitly, or suggesting by verbal message, visual image or otherwise, the false and misleading advertising claims as described herein; and

        iii.     Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's good will and business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception;

        (c)     Ordering Defendant, ROME, to publish corrective advertising to dispel the false and deceptive impressions created by its advertising;

        (d)     Ordering Defendant, ROME, to pay Plaintiff, PIECO, its damages, lost profits, Defendant's profits, and/or other compensatory damages caused by Defendant's false and misleading descriptions and misrepresentations of fact and suffered by Plaintiff in an amount to be ascertained at trial;

        (e)     Granting exemplary and punitive damages for Defendant's intentional false and misleading advertising and unfair competition;

        (f)     Granting Plaintiff, PIECO, its reasonable attorney's fees and costs; and

        (g)     Granting all other injunctive and monetary relief as this Court deems just and

proper.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

28.     Plaintiff repeats and realleges its allegations paragraphs 1 through 22 above as and for its allegations of paragraph 28 of this Count III.

29.     Defendant's false and misleading statements as described above constitute unfair methods of competition and unfair and deceptive acts and practices including, but not limited to, the use and employment of deception, fraud, false pretense, false promise, misrepresentation and the concealment, suppression and omission of material facts, with intent that others rely thereon in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

30.     Defendant's false and misleading statements are willful and intentional, with deceptive intent, making this an exceptional case.

31.     Defendant's false and misleading statements have caused, and will continue to cause, great immediate, and irreparable harm to Plaintiff's business reputation, injury to its good will, loss of competitive advantage, and pecuniary damages.

32.     Plaintiff has no plain, speedy or adequate remedy at law for which it can be fully compensated in damages unless the Court enjoins Defendant from further use of the above described false and misleading statements pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

WHEREFORE, Plaintiff, PIECO INCORPORATED, prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, ROME, LTD., on Count III, and issue an order:

(a)     Declaring that Defendant, ROME, has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2;

(b)     Preliminarily and permanently enjoining Defendant, ROME, its subsidiaries, parents, divisions, directors, officers, owners, partners, agents, employees, attorneys, representatives, and all those persons in active concert and participation with Defendant, either directly or indirectly, from violating Plaintiff's rights by way of:

i.     Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to using, airing, disseminating or causing to be used, aired, or disseminated the false and misleading advertising claims as described herein;

ii.     Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to stating, explicitly or implicitly, or suggesting by verbal message, visual image or otherwise, the false and misleading advertising claims as described herein; and

iii.     Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's good will and business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception;

(c)     Ordering Defendant to publish corrective advertising to dispel the false and deceptive impressions created by its advertising;

(d)     Ordering Defendant, ROME, to pay Plaintiff, PIECO, its damages, lost profits, Defendant's profits, and/or other compensatory damages caused by Defendant's false and misleading advertising claims and suffered by Plaintiff in an amount to be ascertained at trial,

pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a;

(e)     Granting exemplary and punitive damages for Defendant's intentional false and misleading advertising and unfair competition, pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a;

(f)     Granting Plaintiff its reasonable attorney's fees and costs; and

(g)     Granting all other injunctive and monetary relief as this Court deems just and proper.

## COUNT IV
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

33.     Plaintiff repeats and realleges its allegations in paragraphs 1 through 22 above as and for its allegations of paragraph 33 of this Count IV.

34.     Defendant's false and misleading statements as described above represent deceptive trade practices in that Defendant falsely represents that Plaintiff's Meat Grinding Systems possess certain characteristics that they do not have; falsely misrepresents the standard, quality or grade of Plaintiff's Meat Grinding Systems; disparages the goods of Plaintiff by false and misleading representations of fact; and otherwise engages in conduct which creates a likelihood of confusion or misunderstanding in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

35.     Defendant's false and misleading advertising claims are willful and intentional, with deceptive intent, making this an exceptional case.

36.     Defendant's false and misleading advertising claims have caused, and will continue to cause, great, immediate, and irreparable harm to Plaintiff's business reputation,

injury to its good will, loss of competitive advantage, and pecuniary damages.

37.     Defendant's above described conduct constitutes unfair competition under the common law and the statutory laws of the State of Illinois pursuant to the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510, et. seq.

38.     Plaintiff has no plain, speedy or adequate remedy at law for which it can be fully compensated in damages unless the Court enjoins Defendant from further use of the above described false and misleading advertising claims pursuant to 815 ILCS §510/3.

WHEREFORE, Plaintiff, PIECO INCORPORATED, prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, ROME, LTD., on Count IV, and issue an order:

(a)     Declaring that Defendant, ROME, has violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2;

(b)     Preliminarily and permanently enjoining Defendant, ROME, its subsidiaries, parents, divisions, directors, officers, owners, partners, agents, employees, attorneys, representatives, and all those persons in active concert and participation with Defendant, either directly or indirectly, from violating Plaintiff's rights by way of:

i.     Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to using, airing, disseminating or causing to be used, aired, or disseminated the false and misleading advertising claims as described herein;

ii.     Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to stating, explicitly or implicitly, or

suggesting by verbal message, visual image or otherwise, the false and misleading advertising claims as described herein; and

        iii.    Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's good will and business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception;

        (c)    Ordering Defendant, ROME, to publish corrective advertising to dispel the false and deceptive impressions created by its advertising;

        (d)    Ordering Defendant, ROME, to pay Plaintiff, PIECO, its damages, lost profits, Defendant's profits, and/or other compensatory damages caused by Defendant's false and misleading advertising claims and suffered by Plaintiff in an amount to be ascertained at trial;

        (e)    Granting exemplary and punitive damages for Defendant's intentional false and misleading advertising claims and unfair competition;

        (f)    Granting Plaintiff its reasonable attorney's fees and costs, pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 510/3; and

        (g)    Granting all other injunctive and monetary relief as this Court deems just and proper.

<u>**COUNT V**</u>
<u>**ILLINOIS COMMON LAW OF UNFAIR COMPETITION**</u>

39.    Plaintiff repeats and realleges its allegations in paragraphs 1 through 22 above as and for its allegations of paragraph 39 of this Count V.

40.    Defendant's false and misleading statements as described above constitute false and misleading descriptions of fact and false and misleading representations of fact in commercial advertising and promotion which misrepresent the nature, qualities, and performance

capabilities of Plaintiff's Meat Grinding Systems in violation of the common law of the State of Illinois.

41.     Defendant's unfair competition is willful and intentional and with deceptive intent.

42.     Defendant's conduct is in willful and wanton disregard of Plaintiff's valuable rights and property and of the law and practices of advertising. By such conduct, Defendant knowingly seeks to misappropriate to itself Plaintiff's valued customers and to injure and tarnish Plaintiff's valuable good will and reputation.

43.     Plaintiff has no plain, speedy or adequate remedy at law for which it can be fully compensated in damages unless the Court enjoins Defendant from further use of the above described false and misleading advertising claims pursuant to the common law of the State of Illinois.

WHEREFORE, Plaintiff, PIECO INCORPORATED, prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, ROME, LTD., on Count V, and issue an order:

(a)     Declaring that Defendant, ROME, has violated the Illinois common law of unfair competition.

(b)     Preliminarily and permanently enjoining Defendant, ROME, its subsidiaries, parents, divisions, directors, officers, owners, partners, agents, employees, attorneys, representatives, and all those persons in active concert and participation with Defendant, either directly or indirectly, from violating Plaintiff's rights by way of:

i.      Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to using, airing, disseminating or causing to be used, aired, or disseminated the false and misleading advertising claims as described herein;

ii.      Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to stating, explicitly or implicitly, or suggesting by verbal message, visual image or otherwise, the false and misleading advertising claims as described herein; and

iii.      Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's good will and business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception;

(c)      Ordering Defendant, ROME, to publish corrective advertising to dispel the false and deceptive impressions created by its advertising;

(d)      Ordering Defendant, ROME, to pay Plaintiff, PIECO, its damages, lost profits, Defendant's profits, and/or other compensatory damages caused by Defendant's false and misleading advertising claims and suffered by Plaintiff in an amount to be ascertained at trial;

(e)      Granting exemplary and punitive damages for Defendant's intentional false and misleading advertising and unfair competition;

(f)      Granting Plaintiff its reasonable attorney's fees and costs; and

(g)      Granting all other injunctive and monetary relief as this Court deems just and proper.

### JURY DEMAND

44.      PIECO respectfully demands a trial by jury as to all issues raised by this Complaint save the issue of injunctive relief. PIECO respectfully requests that the issue of injunctive relief be determined by the Court.

Respectfully submitted,

Dated:  October 16, 2014                    By:   /s/ David J. Hurley                             .

David J. Hurley
KNECHTEL, DEMEUR & SAMLAN
525 West Monroe St., Suite 2360
Chicago, IL 60661
Phone  :  (312) 628-8852
Fax   :  (312) 655-1917
E-mail :  dhurley@kdslaw.com

Louis Alex
COOK ALEX LTD.
200 W. Adams, Suite 2850
Chicago, Illinois 60606
Phone  :  (312) 236-8500
Fax      :  (312) 236-8717
E-mail :  LAlex@cookalex.com

ATTORNEYS' FOR PLAINTIFF, PIECO
INCORPORATED